UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BELTON-BEY,

    Petitioner,

Case No. 16-CV-13731

v.

HON. AVERN COHN

SHERMAN CAMPBELL,

    Respondent.
_____/

**<u>ORDER DISMISSING THE PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u>**

I. Introduction

    This is a habeas case under 28 U.S.C. § 2254. Petitioner Gregory Belton-Bey, (Petitioner), is a state inmate serving a nonparolable life sentence for four counts of first-degree murder, M.C.L. § 750.316, and a life sentence for one count of assault with intent to commit murder, M.C.L § 750.83. In his <u>pro se</u> petition, Petitioner challenges his 1983 conviction on the grounds that he was denied his right to counsel at the initial arraignment on the warrant. As will be explained, Petitioner fails to state a claim for habeas relief. Accordingly, the petition will be dismissed.

II. Background

    Petitioner was arraigned on the above charges before a state magistrate judge in the 41B District Court in Clinton Township, Michigan. Petitioner says that he did not have an attorney at his initial arraignment on the warrant. Petitioner was later convicted after a bench trial in Macomb County Circuit Court in 1982 and sentenced in

1983.

### III.  Legal Standard

A district court must review a petition for habeas relief to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; see also 28 U.S.C. § 2243. If a court determines that the petitioner is not entitled to relief, the petition must be summarily dismissed. Id., see also Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

### IV.  Discussion

Petitioner claims that he was denied his Sixth Amendment right to counsel because he was not represented by an attorney at his initial arraignment on the warrant before the state magistrate judge. "It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.'" Marshall v. Rodgers, 133 S.Ct. 1446, 1449 (2013)(per curiam)(quoting Iowa v. Tovar, 541 U.S. 77, 80–81 (2004)). The right to counsel applies to "pretrial critical stages that are part of the whole course of a criminal proceeding[,]." Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). The right to counsel also includes "the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." Rothgery v. Gillespie Cnty., Tex., 554 U.S. 191, 194 (2008).

However, the Supreme Court held that the denial of counsel at an arraignment requires automatic reversal, without any harmless-error analysis, in only two situations:

(1) when defenses not pled at arraignment were irretrievably lost, Hamilton v. Alabama, 368 U.S. 52, 53–54 (1961); and/or (2) when a full admission of guilt entered at an arraignment without counsel was later used against the defendant at trial, despite subsequent withdrawal. White v. Maryland, 373 U.S. 59, 60(1963)(per curiam). Petitioner has not alleged either circumstance was present in his case. Thus, even assuming that Petitioner did not have counsel at his arraignment, he has not alleged that he was prejudiced in a way that would entitled him to habeas relief. Thus, the petition fails to state a claim for habeas relief.

V. Conclusion

For the reasons stated above, the petition is DISMISSED for failure to state a plausible claim for habeas relief. Furthermore, reasonable jurists would not debate the court's assessment of petitioner's claim, nor conclude that the issue deserves encouragement to proceed further. The court therefore **DENIES** a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2016
Detroit, Michigan

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.